UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH LEWIS,

    Plaintiff,                         Case No. 13-cv-10786

v.                                         HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER ADOPTING IN PART REPORT AND
RECOMMENDATION** (document no. 17), **GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT** (document no. 12), **DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT** (document no. 15)**, AND REMANDING CASE**

The Social Security Administration ("SSA") denied Plaintiff and claimant Kenneth Lewis's application for disability insurance benefits and supplemental security income in a decision issued by an Administrative Law Judge ("ALJ") on January 10, 2012. *See* ALJ Decision, ECF No. 9-2, at 56. After the SSA Appeals Council declined to review the decision, Lewis appealed to this Court. The Court referred the matter to a United States Magistrate Judge, and the parties filed cross motions for summary judgment. On February 3, 2014, the magistrate judge issued a Report and Recommendation ("Report") suggesting the Court grant Lewis's motion and deny the Commissioner of Social Security's ("Commissioner") motion. Report, ECF No. 17.

In the Report, the magistrate judge noted that Lewis was fifty years old at the time of the decision and had a work history that included various jobs as a hi-lo operator or in maintenance. *Id.* at 2-4. In 2009, Lewis was in a serious car accident, in which he suffered injuries to his neck. He made claims of spinal cord injury, disc herniation, nerve damage, and post-traumatic stress disorder. In considering the application, the ALJ found that Lewis

had degenerative back disease, and that the condition was severe; and that Lewis had a mood disorder, but that the condition only caused minimal or mild limitations. When applying the five-step disability analysis, the ALJ found that these conditions did not meet or equal a listing in the Social Security Regulations. The ALJ also found that Lewis retained the residual functional capacity to perform medium work, but was limited to never climbing ropes, ladders, or scaffolds, and only occasionally balancing, stooping, kneeling, crouching, crawling, or climbing ramps and stairs. The ALJ found that Lewis was capable of performing his past relevant work as a forklift driver, and consequently that Lewis was not entitled to benefits. *Id.* at 11-12 (citing ALJ Decision at 5-8).

After examining the pleadings and the administrative record, the Report concluded that the ALJ did not have substantial evidence to support the conclusion that Lewis was not disabled. First, the Report found that the ALJ did not have substantial evidence to support the finding that Lewis's mood condition was not severe, or only caused mild limitations in daily living and activity.[1] The Report noted that the ALJ awarded "some weight" to consultative examiner Dr. H. Gummadi, who opined in part that Lewis should be limited to only brief interactions with the public. The Report concluded the ALJ erred by awarding Dr. Gummadi's opinion some weight because it was "consistent with the general notion that the claimant is not disabled," rather than properly weighing Dr. Gummadi's opinion against the record evidence, and only then using his opinion to reach the question of disability. *Id.* at

---

[1] The Court will not adopt the Report to the extent it implies that the ALJ erred by not specifically finding that Lewis's mood disability was "severe." The Report is adopted only to the extent it concludes the ALJ did not have substantial evidence to conclude that Lewis's mood disability was "mild" or "not severe." *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) ("We do not review the evidence *de novo*, make credibility determinations nor weigh the evidence.").

2

17 (citing *Detzler v. Comm'r of Soc. Sec.*, No. 12-14133, 2013 WL 6587848, at *2 (E.D. Mich. Dec. 16, 2013)).

The Report subsequently concluded that the ALJ failed to correctly incorporate Lewis's limitations into the residual function capacity assessment. *Id.* at 16, 19 (quoting *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 787 (6th Cir. 2009). Because the ALJ, at a minimum, failed to incorporate Lewis' mood limitations into the residual function capacity, the ALJ could not have accurately concluded that Lewis could perform his past work as a forklift operator without considering these limitations. Thus, the ALJ did not have substantial evidence to conclude Lewis could perform his relevant past work. *Id.* at 20 (citing *Al Ghawalb v. Comm'r of Soc. Sec.*, No. 11-13972, 2012 WL 2804837, at *6 (E.D. Mich. July 10, 2012)).[2]

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, he is entitled to review the magistrate judge's findings of fact and conclusions of law on his own initiative. *See Thomas v. Arn*, 474 U.S.

---

[2] The Report also concluded that the ALJ did not have substantial evidence to support the conclusion Lewis did not suffer from a neck impairment. The ALJ concluded Lewis suffered from degenerative back disorder, and mood limitations, and did not conclude Lewis suffered from neck impairments at all, or of any severity. To the extent the Report implies the ALJ erred by not specifically finding that Lewis should have a neck impairment, or any level of severity, the Report is not adopted. The Report is adopted to the extent it notes the ALJ's awarding of "some weight" to the opinion of consultative physical examiner Dr. Cynthia Shelby-Lane, who opined that Lewis should "avoid repetitive and heavy lifting, bending, pushing, and pulling and use of his upper extremities," and the ALJ's failure to incorporate these limitations into the residual function capacity or, at least, explaining how these limitations could be reconciled with the residual function capacity.

140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "*de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard"). Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound, and will adopt the Report in part, except for the limitations noted above. The Court will therefore grant Lewis's motion to remand, deny the Commissioner's motion for summary judgment, and remand the case for proceedings not inconsistent with this opinion.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Lewis's motion for summary judgment (document no. 12) is **GRANTED**. This matter is **REMANDED** to the Commissioner for proceedings not inconsistent with this opinion.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation (document no. 17) is **ADOPTED IN PART**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment (document no. 15) is **DENIED**.

**SO ORDERED**.

                                              s/Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: February 28, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 28, 2014, by electronic and/or ordinary mail.

                                              s/Carol Cohron
                                              Case Manager